151 So. 612

## INGRAM v. STATE.
### 2 Div. 529.

Court of Appeals of Alabama.
Nov. 21, 1933.

Rehearing Denied Dec. 19, 1933.

S. C. Godbold, of Camden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The testimony of the principal state's witness, if believed by the jury beyond a reasonable doubt, was sufficient upon which to base a verdict of guilt. It follows that the charge requesting affirmative instructions to acquit was properly refused.

Refused charge 8 invades the province of the jury and was for that reason properly refused.

The statement of the witness Albritton, "The negro dodged me all that evening," was patently illegal and upon motion of defendant was ruled out. The ruling being with the defendant, there is nothing to except to. The same is true of the statement of the witness, "I had been told it was Jesse's still," and also as to the statements by the witness that: "The drum had been used to make whiskey." "I saw a negro running across the field * * * I think it was Jesse."

In all of the foregoing instances the court ruled with the defendant, leaving nothing upon which to base an exception. However, appellant insists that the court did nothing to eradicate the prejudice resulting from this testimony, and for that reason a new trial should have been granted. The character of the testimony is not such as to arouse the prejudice or passions of the jury to that extent requiring the granting a new trial on this point.

No exceptions were reserved to the excerpts from the court's oral charge as now insisted upon in brief of appellant's counsel. In the absence of exceptions or of an inclusion of the excerpts as grounds for the motion for a new trial, the points raised in brief only are not considered. Other exceptions have been examined and found to be without merit.

There is no error in the record, and the judgment is affirmed.

Affirmed.